UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CURTIS BLACKWELL,

    Plaintiff,

v.                                     No. 09-CV-377 MCA/WPL

JOHN DENKO, *et al*,,

    Defendants.

**PLAINTIFF'S MOTION TO COMPEL**
**INTERNAL AFFAIRS INVESTIGATION and RESULTING DOCUMENTS**

    Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff respectfully moves this Court for an Order compelling Defendants to produce the Internal Affairs investigation conducted regarding Mr. Blackwell's complaint and all documents resulting from it.

**I.    FACTS PERTINENT TO THE MOTION**

    Defendants served their responses and objections to Plaintiff's First Set of Request for Production to All Defendants on November 12, 2009. Plaintiffs had requested documents relating to investigations into citizen complaints of race discrimination, to which Defendants objected as follows (<u>see also</u> Exhibit 1 attached hereto).

**REQUEST No. 9: Please produce all citizen complaints or allegations, or any other document evidencing reports [] of racially discriminatory conduct by Defendant Strain or any other Motor Transportation Division (MTD) officer at the Lordsburg Port of Entry from January 1, 2000 to present.**

RESPONSE:    Defendants object to Plaintiff's Request for Production No. 9 on the grounds that it is overbroad, vague [,] contains unreasonable limits as to time and scope, and seeks

information not relevant to any claim or defense in this lawsuit, thereby exceeding the scope of discovery permissible under Rule 26(b)(1). Defendants further object to Request No. 9 to the extent that it seeks information which is confidential and protected by the law enforcement privilege. Defendants further object on the grounds that Department of Public Safety and the MTD are unable to disclose the identity of those filing any complaint with the Department without the express consent of the individual filing such a complaint. Subject to and without waiving such objections, Defendants state that no such complaints have been made against Defendant Strain other than the Complaint made by Plaintiff immediately preceding the filing of this lawsuit.

**REQUEST No. 10: Please produce all investigative reports, resolutions, documents evidencing investigations, or any other record discussing the outcome of each complaint or allegation of racially discriminatory or derogatory conduct referred to in Request for Production 9.**

RESPONSE: Defendants object to Request for Production No. 10 to the extent that it seeks information which is subject to the protections of the work product doctrine and attorney client privilege. This objection applies to any investigation regarding the incident which forms the basis of this lawsuit, begun following the receipt of a tort claims notice and therefore done in anticipation of litigation and at the direction of legal counsel for Department of Public Safety. As such, any such investigation is not subject to discovery in this matter.

Plaintiff did not initially challenge this objection with the Court. However, on June 25, 2010, Plaintiff, through the undersigned counsel, took the deposition of Defendant Colonel Forrest Smith (Ret.), a former director of the Motor Transportation Division. See, Exhibit 2 attached hereto, Deposition of Forrest Smith, pages 5:19-6:20. As a result of Colonel Smith's testimony, Plaintiff has discovered that the Internal Affairs investigation was conducted as a result of Plaintiff's citizen complaint against Defendant Strain being directed to Internal Affairs by Colonel Smith, and not in anticipation of litigation as alleged in Defendants' answer to Request for Production No. 10.

During his deposition, Colonel Smith testified that he received Mr. Blackwell's complaint against Defendant Strain and assigned it to the zone commander, Major J.J.

Salazar. Smith Depo., 15:1-16:6. Subsequently, he received inter-departmental correspondence from Major Salazar in response to Mr. Blackwell's complaint. Id. Colonel Smith reviewed Major Salazar's correspondence and decided the matter should be forwarded to Internal Affairs for investigation. Id., 16:7-19. Thereafter, he received the results of the investigation from Department of Public Safety Chief Faron Segotta. Id., 16:20-17:4. Colonel Smith testified that the Internal Affairs investigation "determined that the charges were unfounded . . ." and that there was a finding on a collateral issue that evidence was not handled properly. Id.

Colonel Smith testified that he referred Plaintiff's complaint against Defendant Strain to Internal Affairs because: a) it involved allegations of racial profiling; b) there was no audio-recording from the incident; and c) problems existed with the manner in which Major Salazar investigated the complaint.

> **Q. [By Mr. Bach]** What was it about Major Salazar's report to you regarding Mr. Blackwell's complaint that served as the catalyst for you to hand it over to IA?  In other words, what was it that was substantial enough that you felt like it needed to go to the next level?
>
> **A. [By Col. Smith]** Well, the fact that the initial complaint involved racial profiling was an issue, the fact that Officer Strain's audio recording device was not working at the time.  So there just wasn't enough information to make a determination in my mind clearly.
>        And also, the major did not follow my directions as far as conducting an inquiry, which was, "Give me direction on whether this needs to be investigated or not."  He didn't do that.  I think he went beyond the scope, in my opinion.  And so that's the reason.
>
> Q.   What specifically was wrong with the way that Major Salazar conducted his inquiry?
>
> A.      He came up with a determination as far as

> **being unfounded, that the complaint was unfounded, and that was beyond the scope in my opinion.**
> **So I discussed this with the commanders on a couple of occasions, not only this incident but on a couple of others, about, "This is what an inquiry is."**
> **The commanders expressed a desire to receive training on inquiries, investigations. We were in the process of setting some of that stuff up when I left.**
> **And I gave them direction on, "This is what an inquiry is as far as we're concerned, unless -- if we receive direction from the commander of Internal Affairs or the chief to handle an IA investigation -- we don't conduct IA investigations unless directed to do so by the chief."**

Smith Depo., 18:13-19:20.

After Colonel Smith's deposition, on July 1, 2010, the undersigned contacted Defendants' counsel and requested that Defendants produce the Internal Affairs investigation into Mr. Blackwell's complaint and any resulting memoranda, including the memo issued by Chief Segotta. Plaintiff respectfully submits that a) the Internal Affairs investigation was not conducted in anticipation of litigation, and b) even if the investigation was conducted in anticipation of litigation, any claim of protection under the work product doctrine has been waived by Mr. Smith's testimony and Defendants' apparent intent to use the investigation results to demonstrate that Mr. Blackwell's complaint was unfounded.

Defendants responded that the Internal Affairs investigation was conducted at the direction of Defendants' Department of Legal Affairs in response to Mr. Blackwell's filing of a tort claims act notice through his counsel, Michael W. Lilley, that it is therefore attorney work product, and that Colonel Smith's testimony does not constitute waiver. The parties' counsel have conferred and attempted to resolve the discovery dispute. Because the dispute involves review of pertinent deposition testimony, Plaintiff felt compelled to resort to

4

motions practice rather than request a discovery conference with the Court. Opposing counsel has been contacted and Defendants oppose this motion.

## II.     STANDARD

The Supreme Court has stated that the discovery rules "are to be accorded a broad and liberal treatment," and "either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Hence, the party who opposes discovery carries a "heavy burden" of showing why discovery should be disallowed. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

"The burden of establishing the applicability of a privilege rests on the party seeking to assert it." Matter of Grand Jury Subpoena Duces Tecum Issued on June 9, 1982, 697 F.2d 277, 279 (10th Cir. 1983). "[P]rivileges are to be construed especially narrowly when asserted by officers or cities in federal civil rights actions." Mason v. Stock, 869 F. Supp. 828, 834 (D. Kan. 1994).

## III.    ARGUMENT

### A. The documents requested should be produced because they were not created in anticipation of litigation and any argument regarding work product has been waived.

As set forth above, Mr. Smith's testimony demonstrates that the Internal Affairs investigation was conducted at as result of his referral of the matter to Internal Affairs for the reasons stated by him. Defendants will argue that it was the filing of a tort claims act notice that precipitated the IA investigation. That argument is undermined by Mr. Smith's testimony and also runs afoul of the Supreme Courts admonishment that "a party cannot conceal a fact merely by revealing it to his lawyer." Upjohn Co. v. United States, et al., 449 U.S. 383, 396 (1981), quoting State ex rel. Dudek v. Circuit Court, 150 N.W.2d 387, 399 (Wis. 1967).  The

5

IA investigation was a result of Smith's referral of Plaintiff's complaint; disclosure should not be precluded merely because Defendants claim that the investigation also followed service of a tort claims act notice. "If the purpose was to provide legal advice or to prepare for litigation, then the privilege applies. However, if the purpose was simply to enforce defendant's antiharassment policy or to comply with its legal duty to investigate and to remedy the allegations, then the privilege does not apply." Payton v. New Jersey Turnpike Authority, 691 A.2d 321, 334 (N.J. 1997).

At any rate, Mr. Smith's testimony has waived any assertion of the work product doctrine. Specifically, Mr. Smith testified that the IA investigation concluded that Mr. Blackwell's complaint was "unfounded." Smith Depo, 16:20-17:4.  To permit Defendants to testify as to the results of the investigation but preclude its discovery would turn "the shield of the privilege into the sword of injustice." Payton, 691 A.2d at 334 (discussing the attorney-client privilege (citation omitted)).  A privilege is waived if "the privileged communication is injected as an issue in the case by the party which enjoys the protection." Harding v. Dana Transport, 914 F.Supp. 1084, 1096 (D.N.J. 1996), quoting Garfinkle v. Arcata National Corp., 64 F.R.D. 688 (S.D.N.Y. 1974). "Justice requires that the plaintiffs be permitted to respond to the defenses asserted with a full spectrum of information." Harding, 914 F.Supp. at 1099.

> A party may not abuse a privilege, including the attorney-client privilege, by asserting a claim or defense and then refusing to provide the information underlying the claim or defense and then refusing to provide the information underlying that claim or defense based on the privilege.

Payton, 691 A.2d at 335. The Court should order production of the requested documents.

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court order Defendants to produce the Internal Affairs investigation into Mr. Blackwell's complaint and any resulting memoranda, including the memorandum issued by Department of Public Safety Chief Segotta.

Respectfully submitted,


LILLEY LAW OFFICES
Michael W. Lilley
1014 S. Main
Las Cruces, NM 88005
(575) 524-7809
(575) 526-2462 (fax)

Michael L. Stout
Law Offices of Michael Stout
910 Lake Tahoe St.
Las Cruces, NM 88007
(575) 524-1471
(575) 647-0408 (fax)


/s/ George Bach 7/26/10
George Bach
Bach & Garcia LLC
300 Central SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 899-1030
(505) 899-1051 (fax)

Brendan K. Egan
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG &
BIENVENU, LLP
1215 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 988-8004
Fax: (505) 982-0307

Attorneys for Plaintiff

7

I HEREBY CERTIFY that on July 26, 2010, I filed the foregoing pleading electronically through the CM/ECF system and caused the following parties and/or counsel to be served electronically through the CM/ECF system:

Cody R. Rogers
Sandenaw & Anderson, P.C.
2951 N. Roadrunner Pkwy.
Las Cruces, NM 88011-0814


/s/ George Bach 7/26/10
_____
George Bach