IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**CURTIS BLACKWELL**,

      Plaintiff,

vs.                                                                       No. CV 09-377 MCA/WPL

**JOHN DENKO**, individually and in his official capacity;
et al.,

      Defendants.


## **ORDER**

      This matter is before the Court upon Plaintiff's Motion to Amend the Pretrial Order. [Doc. 153]  In his Reply [Doc. 157] Plaintiff has withdrawn his Motion except as it relates to an amendment to "clarify" his state-law claim for malicious abuse of process.  In their Response, [Doc. 154] Defendants assert numerous grounds for denying Plaintiff's motion, including untimeliness and futility.

      In *DeVaney v. Thriftway Marketing Corp.*, 124 N.M. 512 (1997),  the New Mexico Supreme Court replaced the formerly separate torts of malicious prosecution and abuse of process with a single tort, malicious abuse of process. The contours of this new tort are still being worked out by New Mexico courts. *E.g. Durham v. Guest*, 145 N.M. 694 (2009). Under New Mexico law, the existence of probable cause to believe that Plaintiff had committed an offense would not necessarily be fatal to a malicious abuse of process claim.  *See Santillo v. New Mexico Dept. of Public Safety*, 143 N.M. 84, 88 (2007) ("The element of an improper act in the use of process can be established by showing that proceedings were initiated without probable

cause *or by establishing an 'irregularity or impropriety suggesting extortion, delay, or harrassment.'*") (emphasis added).  No reported New Mexico appellate decision has recognized a claim for malicious abuse of process on facts similar to those on which Plaintiff bases his claim, and it is an open question whether the requisite improper act for purposes of a New Mexico malicious abuse of process claim can be established by evidence that the officer issuing a citation  was motivated by improper consideration of the subject's race.

The Court need not determine whether the amendment to the Pretrial Order that Plaintiff seeks merely clarifies an existing state law malicious abuse of process claim, as Plaintiff argues, or whether it would add a previously unpleaded claim, as Defendants argue. In either case, the Court declines to exercise the supplemental jurisdiction authorized by 28 U.S.C. § 1367(a). During a December 17, 2010 telephonic conference with counsel, the Court allowed  counsel to address the question of  whether Plaintiff's state-law  claim should brought in state court. Because of the novelty of  Plaintiff's state-law claim--whether racially-selective law enforcement can constitute the predicate for a malicious abuse of process claim--the Court concludes that Plaintiff's state-law claim should be presented to and developed in New Mexico's trial and appellate courts. Accordingly, the Court declines pursuant to § 1367(c)(1) to exercise supplemental jurisdiction over Plaintiff's state-law claim.  Plaintiff's Motion  will be denied on this ground.

**WHEREFORE**,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Amend the Pretrial Order* [Doc. 153] **is denied**.

**IT IS FURTHERED ORDERED** that to the extent the Pretrial Order can be construed as asserting a state-law claim for malicious abuse of process, that claim is dismissed without

prejudice pursuant to 28 U.S.C. § 1367(c)(1).

**SO ORDERED this 28th day of December, 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE